IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**OVERTON DIXON,**

    **Petitioner,**

**v.**	        **Case No. 3:23cv24624-LC/MAF**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about September 26, 2023, Petitioner Overton Dixon, a state detainee at the Escambia County Jail, filed a two-part "Requesting Inquiry" styled for the Circuit Court of the First Judicial Circuit, Escambia County, Florida. ECF No. 1. After direction from this Court, *see* ECF No. 4, Dixon filed an amended petition for writ of habeas corpus, ECF No. 5, and paid the filing fee, ECF No. 10. On February 20, 2024, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 18. Petitioner has filed a reply, ECF No. 19, and a supplement, ECF No. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the

disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Overton Dixon challenges his pre-trial detention in Escambia County Circuit Court case number 2023-CF-2721, in which he has been charged with five counts:

(1) possession of burglary tools, a third degree felony, in violation of section 810.06, Florida Statutes (2022);

(2) burglary of an unoccupied conveyance, a third degree felony, in violation of sections 810.02(1)(b) and (4)(b), Florida Statutes (2022);

(3) grand theft of $750 or more but less than $5,000, a third degree felony, in violation of sections 812.014(1)(a)-(b) and (2)(c)1., Florida Statutes (2022);

(4) criminal mischief with damage of $1,000 or greater, a third degree felony, in violation of section 806.13(1)(a) and (b)3., Florida Statutes (2022); and

(5) possession of drug paraphernalia, a first degree misdemeanor, in violation of section 893.147(1), Florida Statutes (2022).

ECF No. 5; *see* ECF No. 18 at 2; Ex. C.[1]  Dixon was arrested July 2, 2023, pursuant to a warrant.  ECF No. 5 at 2; ECF No. 18 at 2; Exs. A, B.

In his federal habeas petition, Dixon raises four grounds:

(1) "Pretextual Stop While Riding Bicycle on Sidewalk, F.S.A. 3162065(9)," asserting he "did not violate any law or ordinance." ECF No. 5 at 9.

(2) "Violation of 4th Amendment property seized because [he] was homeless, without warrant" and "without probable cause because [he] did not commit a crime."  *Id*. at 11.

(3) "Violation of 4th Amendment [and] 6th Amendment [because he] didn't want to answer any more question[s]" and he "was search[ed] without a warrant."  *Id*. at 13.

(4) "Violation of 4th and 14[th] Amendment" because "[t]he officer did not field test pipes seized without probable cause violating due process."  *Id*. at 15.

As relief, he "Dismissal of Charges" and "release[] from Jail."  *Id*. at 19.

In the motion to dismiss, Respondent indicates that, through counsel, Dixon filed a motion to suppress evidence as to Counts 1 and 5.  ECF No. 18 at 2; Ex. D.  The trial court considered the motion at a hearing held January 23, 2024, and denied the motion.  ECF No. 18 at 2; Ex. E.  Dixon has appealed, pro se, from the denial of the motion to suppress and the case is currently pending in the First District Court of Appeal, assigned case

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.18.

number 1D24-0285.  ECF No. 18 at 2; Ex. F.  Respondent asserts Dixon has not exhausted any of the grounds raised in his federal habeas petition and, therefore, the petition must be dismissed.  ECF No. 18 at 6.  In addition, Respondent cites Younger v. Harris, 401 U.S. 37 (1971), and asserts the abstention doctrine applies here.  ECF No. 18 at 6-10.

In his reply, Dixon asserts "exhaustion of remedies is not a jurisdictional requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241 [by] pre-trial detainees."  ECF No. 19 at 1; *see id*. at 16.  Dixon also references Younger, and he asserts his defense counsel is providing ineffective assistance.  *Id*. at 4-7.  He asserts he "only wishes to be treated equally because he was seized and his property was seized without a warrant."  *Id*. at 8.  He swears he did not commit the charged offenses, *id*. at 19, and asserts he is "being confined in violation of federal and state constitutional guarantees," *id*. at 21.  He asks the Court to grant his habeas petition.  *Id*. at 21.

In his supplement to his reply, Dixon asserts he "suffers additional consequences of counsel Mr. Wise's incompetence and ineffectiveness placing Petitioner in jeopardy twice in violation of the United States Constitution Fifth Amendment."  ECF No. 20 at 1.  Dixon indicates he "has lost in trial on 3-13-2024."  *Id*.

## Analysis

Pursuant to 28 U.S.C. § 2241(a), a federal district court may grant a writ of habeas corpus. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "State pre-trial detention . . . might violate the Constitution or the laws or treaties of the United States," but "a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court,'" as referenced in and required by § 2254, and thus "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003).

A state pre-trial detainee generally must exhaust all available state remedies before filing a § 2241 petition. See Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973) (addressing issue raised in § 2241 petition only after concluding petitioner, a pre-trial detainee, exhausted all available state court remedies for consideration of constitutional claim); United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (explaining that "federal courts . . . may require, as a matter of comity, that such [state pretrial] detainees exhaust all avenues of state relief before seeking the writ"). Federal habeas relief may only be granted if state remedies have

been exhausted. *See, e.g.,* Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'"); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974) ("Although federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled.").

From the filings in this case, there appears no dispute that Petitioner Dixon did not exhaust his state court remedies. *See* ECF No. 5 at 5, 7, 9-17; ECF No. 18 at 6; ECF No. 19 at 1. Accordingly, this petition may be dismissed on that basis. *See, e.g.*, Johnson, 32 F.4th at 1096-97; Ballard v. Florida, No. 1:22cv106-AW/GRJ, 2022 WL 4348482 at *2 (N.D. Fla. June 6, 2022) (Report and Recommendation to dismiss without prejudice habeas petition filed by state pre-trial detainee on exhaustion and Younger abstention grounds), adopted by order of district judge "to the extent it addresses exhaustion," 2022 WL 4331937 at *1 (Sept. 19, 2022).

The petition should be dismissed because it is moot, however. Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy. *See, e.g.*, Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir.1987). The Court can raise the issue of mootness sua sponte. *See, e.g.*, Medberry, 351 F.3d at 1054

n.3 ("Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties." (footnote omitted) (quoting Sannon v. United States, 631 F.2d 1247, 1250 (5th Cir. 1980))).

In his "Supplement and Amend[ed] Reply," Petitioner Dixon indicates he "lost in trial on 3-13-2024." ECF No. 20 at 1. Indeed, a review of the online docket for Dixon's Escambia County criminal case, 2023-CF-002721, reveals the jury trial did occur March 13, 2024, and the jury found him guilty on Counts 2 through 5. See https://public.escambiaclerk.com. The State nolle prossed Count 1. See id. The court has also sentenced him. See id. A review of the docket for the First District Court of Appeal reveals that Dixon has appealed his conviction and sentence, in case number 1D24-0757. See https://acis.flcourts.gov.

In bringing this § 2241 habeas action, Petitioner Dixon challenges his pre-trial detention and, in particular, seeks "Dismissal of Charges" and "release[] from Jail." ECF No. 4 at 19. These claims for relief have been mooted by his subsequent conviction in and sentencing by the state trial court – Dixon is no longer a pre-trial detainee. See, e.g., Fassler v. U.S., 858 F.2d 1016, 1018 (5th Cir. 1988) ("Because Fassler is now legally in federal custody, we must hold that his request for release from pretrial

confinement is moot."); Thorne v. Warden, Brooklyn House of Detention of Men, 479 F.2d 297, 299 (2d Cir. 1973) ("Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); Miller v. Glanz, 331 F. App'x 608, 610 (10th Cir. 2009) ("Given the limited focus of typical pretrial-custody petitions under § 2241 (which Miller's petition aptly illustrates), such petitions become moot upon the conviction of the petitioner."); Ballard v. State, No. 1:23cv161-MW/ZCB, 2024 WL 409411, at *1 (N.D. Fla. Jan. 3, 2024) (Report and Recommendation to dismiss without prejudice habeas petition filed by state pre-trial detainee on exhaustion, mootness, and Younger abstention grounds), adopted by order of district judge, 2024 WL 404368 (Feb. 2, 2024).

The proper vehicle for Dixon to challenge his state court conviction and sentence is a habeas petition under 28 U.S.C. § 2254. Before bringing such a challenge, he must exhaust state court remedies. The statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

Petitioner is cautioned that there is a one-year limitation period for filing a § 2254 petition, which generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. 28 U.S.C. § 2244(d)(1)(A). The period is tolled for the time during which a "properly filed" application for post-conviction relief, or other collateral review, is pending in state court. Id. § 2244(d)(2).

## Conclusion

Based on the foregoing, the amended § 2241 petition for writ of habeas corpus (ECF No. 5) should be **DISMISSED for lack of jurisdiction as moot**, given Petitioner Dixon's conviction in and sentencing by the state trial court. Respondent's motion to dismiss (ECF No. 18) should be **DENIED as moot**.

## **Certificate of Appealability**

A certificate of appealability (COA) is required for a pre-trial detainee to appeal the dismissal of a federal habeas corpus petition. *See, e.g.,* Johnson, 32 F.4th at 1095 (explaining, in appeal from dismissal of § 2241 petition filed by state pre-trial detainee, appellate court granted COA); Hiteshaw v. Butterfield, 262 F. App'x 162, 163 (11th Cir. 2008) (citing 28 U.S.C. § 2253(c)(1)(A) and Medberry, 351 F.3d at 1063). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S. 100, 115 (2017).

In this case, Petitioner Dixon cannot make the requisite showing. Therefore, the undersigned recommends the district court deny a certificate of appealability in its final order. If Petitioner objects to this recommendation, he may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Petitioner's amended § 2241 petition (ECF No. 5) be **DISMISSED for lack of jurisdiction as moot**, given Petitioner Dixon's conviction in and sentencing by the state trial court, and Respondent's motion to dismiss (ECF No. 18) be **DENIED as moot**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2024.

                                        **S/ Martin A. Fitzpatrick**
                                        **MARTIN A. FITZPATRICK**
                                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the</u>

**electronic docket is for the Court's internal use only and does not control**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**